UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA PITMAN, | ) |
| | ) |
|    Claimant, | ) |
| | ) |
| vs. | )   Case No. CV-11-S-3179-S |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) |
| | ) |
|    Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Claimant, Andrea Pitman, commenced this action on September 1, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case is due to be remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the assessment of a Single Decision Maker in determining claimant's residual functional capacity, improperly considered the opinions of treating and consultative medical sources, failed to fully and fairly develop the evidence, and improperly discredited claimant's subjective complaints. Upon review of the record, the court concludes that the first contention has sufficient merit to warrant reversal and remand.

Ms. Lakisha Lett, a "disability examiner" who undisputedly is not a medical professional of any sort,[1] completed a Physical Residual Functional Capacity Assessment form on February 11, 2008. Ms. Lett's authority to make such an assessment derives from 20 C.F.R. § 404.906(b), which describes several new decisionmaking models that are being tested by the Social Security Administration. Specifically, Ms. Lett is part of the "single decisionmaker" model, which is described in the regulations as follows:

> In the single decisionmaker model, the decisionmaker will make the disability determination and may also determine whether the other

---

[1] *See* doc. no. 9 (Commissioner's brief), at 6 ("The Commissioner concedes that Ms. Lett was not an acceptable medical source and therefore could not offer a medical opinion.").

2

conditions for entitlement to benefits based on disability are met. The decisionmaker will make the disability determination after any appropriate consultation with a medical or psychological consultant. The medical or psychological consultant will not be required to sign the disability determination forms we use to have the State agency certify the determination of disability to us (see § 404.1615). However, before an initial determination is made that a claimant is not disabled in any case where there is evidence which indicates the existence of a mental impairment, the decisionmaker will make every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment pursuant to our existing procedures (see § 404.1617). In some instances the decisionmaker may be the disability claim manager described in paragraph (b)(1) of this section. When the decisionmaker is a State agency employee, a team of individuals that includes a Federal employee will determine whether the other conditions for entitlement to benefits are met.

20 C.F.R. § 404.906(b)(2).[2]

The ALJ described Ms. Lett's assessment of claimant in detail:

> The Physical Residual Functional Capacity Assessment form completed in March 2008 by Lakisha Lett, a State agency disability examiner, indicated that the claimant could lift and/or carry fifty pounds occasionally, sit, stand and walk for about six hours in an eight hour work day, with normal breaks during the day. She was also unlimited in pushing and/or pulling. She could frequently climb ramps/ stairs, balance, stoop, kneel, crouch and crawl. However, she could never climb ladders, ropes or scaffolds. There were no manipulative, visual or communicative limitations noted. She should avoid concentrated exposure to extreme cold, heat, wetness, humidity and vibration. She was unlimited in the noise area, as well as, [sic] with fumes, odors, dusts, gases, poor ventilation, etc. She should avoid all exposure to hazards (e.g. machinery, heights, etc.). This assessment further noted

---

[2] The "single decisionmaker" model is one of four test groups being employed by the Social Security Administration for the purpose of testing potential modifications to the disability determination process. *See* 20 C.F.R. § 404.906(a).

> previous emergency room medical records in 2004, as well as, [sic] other laboratory tests, including a magnetic resonance imaging of the cervical spine in 2007, which revealed no acute abnormality. On examination in 2008, she had severe tenderness over the lower cervical area, suprascapular area and paracervical muscles. However, range of motion of the shoulders, elbows, wrists, fingers and lumbar spine was normal. Also, straight leg raising and reflexes were all normal. There was good sensory and motor power of both upper and lower extremities. Also when assessed for chronic pain, the cranial nerves were intact, motor strength was 5/5, reflexes were 2+ and equal; there was no ankle clonus and toes were down going; sensory was intact to pinprick, position and vibration with negative Romberg; gait was unremarkable.[3]

This is an accurate description of Ms. Lett's residual functional capacity findings.[4]

The ALJ did not explicitly state the amount of weight he afforded Ms. Lett's assessment.[5] However, it appears that the ALJ did give the assessment at least *some* weight, as it was the only physical residual functional capacity assessment discussed by the ALJ, and he discussed it in detail. Furthermore, Ms. Lett's assessments are consistent with the physical aspects of the ALJ's residual functional capacity finding:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) and could lift and/or carry, push and pull fifty pounds occasionally and twenty five pounds frequently, sit, stand and walk for six hours out of an eight hour day with normal breaks. However, she is unable to climb ladders, ropes or scaffolds. She should also avoid all exposure to hazards (e.g. unprotected heights) and concentrated exposure to heat,

---

[3] Tr. 19.

[4] *See* Tr. 298-304.

[5] This is in contrast to the ALJ's treatment of the opinions of the treating and examining physicians. The ALJ specifically stated the weight he afforded to each of those physicians' opinions. *See* Tr. 19-20.

cold, wetness, humidity and vibration) . . . .[6]

The ALJ also included those limitations in the hypothetical question he posed to the vocational expert during the administrative hearing.[7]

Claimant argues that it was improper for the ALJ to consider the special decision maker's assessment at all, much less for him to rely upon it for his residual functional capacity finding. Indeed, even though the Commissioner employs the single decision-maker model in making administrative determinations, the district courts within this Circuit have uniformly held that a residual functional capacity assessment from a single decision-maker does not constitute substantial evidence to support an ALJ's decision. One opinion from the Southern District of Alabama succinctly summarized the relevant decisions as follows:

> Contrary to the ALJ's assessment in the decision denying Jackson SSI benefits (*see* Tr. 19 & 19–20 ("[T]he Administrative Law Judge has assigned substantial evidentiary weight to the findings and conclusions of the . . . State Agency disability specialist in Exhibit 16F. . . . The Administrative Law Judge acknowledges that, as non-examining sources, the State Agency medical and psychological consultants' opinions are not entitled to controlling weight, but must be considered and weighed of those of highly qualified sources who are experts in the evaluation of medical issues in disability claims under the Social Security Act.")), an RFC assessment completed by a disability specialist is entitled to no weight, *compare Traylor v. Astrue*, 2010 WL 920114, *5 (M.D. Ala. 2010) ("The referenced opinion, however, is not that of a physician; it is the opinion of the DDS disability examiner, Karen

---

[6] Tr. 18.
[7] Tr. 83-84.

Wiggins. Her opinion is not, as the Appeals Council apparently believed, entitled to consideration as an expert medical opinion." (internal citation omitted)); *Foxx v. Astrue*, 2009 WL 2899048, * 7 (S.D. Ala. 2009) ("While the findings of state agency medical consultants regarding the nature and severity of an individual's impairments must be considered and can be relied upon when they do not conflict with the opinions of examining sources, there is no evidence before the Court that Carol M. Davis, S.D.M., the person who completed the RFC assessment is a medical consultant whose opinion qualifies as a medical source opinion."); *Bolton v. Astrue*, 2008 WL 2038513, *4 (M.D. Fla. 2008) ("'An SDM is not a medical professional of any stripe, and a finding from such an individual is 'entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources.'"); and *Casey v. Astrue*, 2008 WL 2509030, *4 n. 3 (S.D. Ala. 2008) ("[A]n RFC assessment completed by a disability specialist is entitled to no weight.") *with* 20 C.F.R. § 416.913(c) ("At the administrative law judge and Appeals Council levels, and at the reviewing official, administrative law judge, and Decision Review Board levels in claims adjudicated under the procedures in part 405 of this chapter, we will consider residual functional capacity assessments made by State agency medical and psychological consultants, medical and psychological experts . . ., and other program physicians and psychologists to be 'statements about what you can still do' made by non-examining physicians and psychologists based on their review of the evidence in the case record.") & (d)(1)-(4) (describing evidence that may be used from other acceptable medical and non-medical sources but never identifying disability specialists as an acceptable non-medical source); *cf. Swindle v. Sullivan*, 914 F.2d 222, 226 n. 3 (11th Cir. 1990) (the opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision.").

*Jackson v. Astrue,* No. CA 09–0807–C, 2010 WL 2573508, at *7 (S.D. Ala. June 21, 2010) (bracketed alterations in original).

Even so, the Eleventh Circuit has been careful to note that consideration of a

6

single decision maker's opinion is harmless error, as long as the ALJ did not place "great weight" on the opinion, and the ALJ's decision is based on *other* substantial medical evidence of record. *See Castel v. Commissioner of Social Security,* 355 F. App'x 260, 265-66 (11th Cir. 2009).

Based on this authority, the court concludes that the ALJ erred in considering Ms. Lett's assessment, notwithstanding the fact that the ALJ did not explicitly state how much weight he was affording the assessment. It is simply illogical to conclude that the ALJ did not consider the assessment, or give it substantial weight, when the ALJ's physical residual functional capacity finding was entirely consistent with Ms. Lott's assessment and, indeed, appears to have been based solely upon that assessment.[8]

Because the ALJ's reliance on Ms. Lett's assessment was in error, the ALJ's physical residual functional capacity finding was not supported by substantial evidence. Remand is warranted for the ALJ to obtain an additional consultative

---

[8] The Commissioner makes two additional arguments that are so meritless they barely deserve mention. First, the Commissioner asserts that Ms. Lett's assessment was simply "other evidence" of disability, not "medical evidence." Commissioner's brief, at 6. It is true that Social Security regulations contemplate that non-medical evidence can be considered in the disability determination. *See* 20 C.F.R. § 404.1513(e) (stating that the Commissioner will consider "other evidence from other sources"). Even so, there is nothing in the regulations, or the relevant case law, that permits a residual functional capacity finding to be based solely upon non-medical evidence.

The Commissioner also asserts that this "other evidence" is "evaluated and weighed according to criteria such as examining relationship, treating relationship, supportability, consistency with the record as a whole, and medical specialization of the witness." Commissioner's brief, at 6-7 (citing 20 C.F.R. §§ 404.1525, 416.925). However, the cited regulations obviously refer to *medical* opinions, not non-medical opinions.

physical examination from an acceptable *medical* source, and/or additional evidence from claimant's treating sources about the extent of claimant's functional limitations.[9]

Based on the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

DONE this 22nd day of June, 2012.

_____
United States District Judge

---

[9] Because remand is warranted on these grounds, the court need not consider claimant's other arguments.